# DE KALB SUPERIOR COURT,

## September Term, 1842.

---

James Willis vs. George McIntosh, Defendant, and Henry B. Latimer, Claimant.

*Claim on Appeal. Verdict, finding the property subject.*

1st. A Mortgagee, after the foreclosure of his mortgage, cannot levy on the mortgaged property after a sale on another *fi. fa.,* though of a junior date. He must claim the proceeds of the sale.

2nd. After the foreclosure of a mortgage, the mortgager's right of redemption is gone.

In the above case, a rule was granted at the last term of this Court, requiring the plaintiff to shew cause why a new trial should not be granted, on the ground "that it appeared by plaintiff's own shewing, that the mortgage had been foreclosed and execution issued thereon before the sale of the property, and that plaintiff was present at the sale with his mortgage *fi. fa.* at the time of the sale of the property, and might and ought to have claimed the money. The property being sold by virtue of executions against the defendant."

On the trial of the above case, it was shewn that the property levied on was included in the mortgage, upon the foreclosure of which, the *fi. fa.* levied was issued—that at the time of the execution of the mortgage, the property belonged to the defendant in execution.

On the part of the claimant, it was shewn, that the same property had been previously levied on and sold by virtue of another *fi. fa.* against the defendant, of *a later date* than the mortgage, and that the equity of redemption in said mortgage had been foreclosed, and that the execution issued thereon was in the possession of the plaintiff, who was present at the sale, and who notified the crowd on the day of sale, that his mortgage was foreclosed, that he would not

[Willis vs. McIntosh, defendant, & Latimer, claimant.]

claim the money arising from the sale, but would proceed to levy his mortgage *fi. fa.* upon and resell the property; and that at said sale, the claimant became the purchaser.

By the Court. The plaintiff cannot dictate the terms of a Sheriff's sale. The rights of purchasers at such sales must be defined and controlled only by the Law. Upon the foreclosure of plaintiff's mortgage, the defendant's equity of redemption became barred, and the subsequent sale of the mortgage property, either by virtue of the mortgage *fi. fa.* or of any other *fi. fa.* passed the absolute title of the property to the purchaser, and not the equity of redemption merely. The right of the plaintiff was to claim the money.

Ordered that the new trial be granted.

JUNIUS HILLYER, J. S. C. W. D.,
*and holding Court in De Kalb County.*

CALHOUN, for Plaintiff.
FLOYD, for Claimant.